ℇℇ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNNIE WOODS,       )
                     )
        Plaintiff,   )
                     )
    v.               ) No. 11 C 4067
                     )
WEXFORD HEALTH SERVICES, INC., )
DR. LIPING ZHANG, and DR. PARTHA )
GHOSH,               )
                     )
        Defendants.  )

# OPINION AND ORDER

According to the allegations of his First Amended Complaint, plaintiff Johnnie Woods has been incarcerated at Stateville Correctional Center since 2003. He arrived there after spending time in a hospital recovering from gunshot wounds, including five months in an induced coma. Plaintiff's claims concern medical treatment for a "bony growth" on his left heel that developed from bed sores due to his lengthy hospitalization. Defendant Wexford Health Sources, Inc. contracts to provide medical services for Stateville inmates. Defendant Liping Zhang was a general care physician employed by Wexford at Stateville and

defendant Partha Ghosh was a physician employed by Wexford as the Medical Director for Stateville. Pursuant to 42 U.S.C. §1983, plaintiff brings constitutional claims against all three defendants, contending each was deliberately indifferent to his serious medical needs. Plaintiff, who alleges his heel still has not been adequately treated, seeks both monetary and injunctive relief. Presently pending is each defendant's motion to dismiss[1] the First Amended Complaint, which was drafted by plaintiff's appointed counsel.

Ghosh and Zhang contend that the injunctive relief claims against them in their official capacities should be dismissed as moot because they are no longer employed at Stateville or even employed by Wexford. Plaintiff contends this cannot be considered on defendants' motions to dismiss because it is not alleged in the First Amended Complaint that the two defendants are former employees. Questions of mootness, however, go to the court's jurisdiction and facts outside the complaint may be considered as to jurisdictional questions. *Seattle Children's Hosp. v. Akorn, Inc.*, 2011 WL 6378838 *4 (N.D. Ill. Dec 20, 2011). In any event, bringing official capacity claims against the individual defendants is redundant of suing Wexford and therefore unnecessary. See *Banks v. Chicago*

---

[1] In the future, defendants, who are all represented by the same counsel, should bring a single consolidated motion supported by a single brief.

*Bd. of Educ.*, 2012 WL 400958 *1 (N.D. Ill. Feb. 8, 2012); *Eller v. Gary Cmty. Sch. Corp.*, 2010 WL 3719536 *3 (N.D. Ind. Sept. 14, 2010). The official capacity claims against the individual defendants will be dismissed.

Plaintiff alleges that he arrived at Stateville with numerous lingering injuries from prior gunshot wounds and hospitalization. He expressly alleges that all the other injuries were treated, but not the heel problem. In 2004 he complained to Ghosh about the heel problem and a podiatrist eventually performed surgery and the condition improved. The podiatrist also recommended corrective shoes, which were not provided. Plaintiff does not expressly allege who was responsible for failing to provide the corrective shoes. In September 2005, the podiatrist left Stateville and, after that time, plaintiff repeatedly asked Ghosh to provide treatment for the heel, but Ghosh has refused. In the meantime, the heel condition has deteriorated. In the summer of 2006, Ghosh told plaintiff that no heel treatment could be provided because a podiatrist was no longer employed at Stateville.

As of 2007, Zhang was treating plaintiff for a heart condition and hypertension. Due to pain from the heel condition, plaintiff could not perform the

exercises that Zhang recommended. Plaintiff was also gaining weight due to inactivity resulting from the pain.

From July 21 to October 1, 2008, plaintiff wrote four letters to Ghosh requesting treatment for his heel and advising Ghosh that plaintiff could hardly walk due to the pain. On October 14, 2008, plaintiff filed a grievance regarding lack of treatment and that grievance was finally denied on June 24, 2009. On July 6, 2009, plaintiff again wrote to Ghosh requesting treatment for the heel. On August 6, 2009 and January 15, 2010, plaintiff addressed letters directly to Wexford requesting treatment for the heel. Neither Ghosh nor anyone else at Wexford responded to the letters.

In Spring 2010, plaintiff complained to both Zhang and Ghosh regarding the lack of treatment. Zhang responded that she did not have the tools to adequately treat his condition and that she would inform Ghosh regarding the need for treatment. Defendants contend, without objection from plaintiff, that it should also be considered, as alleged by plaintiff in his original *pro se* complaint, that, at this time, Zhang offered to perform a cutting procedure on the heel, but plaintiff declined because Zhang indicated that she did not really know what she was doing and that plaintiff would have to submit to the procedure at his own risk. On

June 8, 2010, plaintiff filed another grievance. On June 12, 2010, plaintiff again wrote to Zhang regarding his need for treatment. On January 25, 2011, plaintiff filed another grievance. Plaintiff does not allege the results of the June 2010 or January 2011 grievances, but does allege that his administrative remedies were exhausted prior to June 29, 2011, which is the date he was granted leave to proceed *in forma pauperis*.

Plaintiff's initial *pro se* complaint was received at the court on June 14, 2011, with the envelope postmarked June 13, 2011. All three of the current defendants were also named in the original complaint.

Defendants do not dispute that plaintiff has a serious medical need. Defendants contend they cannot be considered to have been deliberately indifferent because plaintiff has alleged that, in Spring 2010, Zhang offered to treat the heel and plaintiff refused. Plaintiff's allegation, though, is that Zhang also informed him that she was not qualified to provide the treatment and he would be accepting treatment at his own risk. She said she would ask Ghosh to provide an appropriate treatment, but, on the facts alleged in the Amended Complaint, neither Zhang nor Ghosh followed up on providing appropriate treatment. This is not a question of plaintiff declining treatment or seeking an

alternative to adequate treatment. The treating doctor recommended that his serious condition needed a different treater, both individual defendants were aware of this, but neither took action to ensure that plaintiff received treatment. Deliberate indifference is adequately alleged.

Ghosh also raises a statute of limitations issue. The parties agree that the applicable limitation period is two years. *See **Wilson v. Groze**,* 800 F. Supp. 2d 949, 954 (N.D. Ill. 2011). Having rejected the contention that Zhang's offer of treatment does not preclude deliberate indifference, plaintiff has alleged deliberate indifference that occurred within two years of the filing of the present action. Moreover, the allegations would support application of both a continuing violation theory, *see id.* at 955 (quoting ***Heard v. Sheahan***, 253 F.3d 316, 318 (7th Cir. 2001)), and a tolling of the limitation period during the pendency of grievances, *see **Walker v. Sheahan***, 526 F.3d 973, 978 (7th Cir. 2008); ***Johnson v. Rivera***, 272 F.3d 519 (7th Cir. 2001); ***Wiemann v. Randle***, 2011 WL 5403528 *5 (S.D. Ill. Nov. 8, 2011). No aspect of plaintiff's claims has been pleaded out of court based on a statute of limitations defense.

Defendants do not dispute that they are considered state actors for purposes of plaintiff's § 1983 claim. Also, although a private entity contracting

with the state, Wexford cannot be liable unless it is adequately alleged that Ghosh's and/or Zhang's conduct was pursuant to a policy or custom of Wexford. Wexford cannot be liable for its employees' conduct based on *respondeat superior*. **Gayton v. McCoy**, 593 F.3d 610, 622 (7th Cir. 2010); **Iskander v. Vill. of Forest Park**, 690 F.2d 126, 128 (7th Cir. 1982); **Gevas v. Borkowski**, 2011 WL 304960 *4 (N.D. Ill. Jan. 27, 2011).

> Plaintiff alleges:
>
> 52. Wexford was exclusively responsible for the creation, implementation, oversight, and supervision of all policies and procedures followed by Wexford medical care employees who provided care to inmates at Stateville, including Plaintiff.
> 53. At all times relevant to this Complaint, Wexford maintained a policy or procedure under which inmates with serious medical conditions, such as Plaintiff, were routinely denied access to proper inpatient and outpatient medical care.
> 54. At all times relevant to this Complaint, Wexford maintained a policy or procedure under which its employees were directed to
>    a. Refuse to properly examine inmates with serious or chronic medical conditions;
>    b. Refuse to refer inmates to inpatient or outpatient specialists capable of treating their medical conditions; and
>    c. Refuse to provide necessary and proper pain medication to inmates.

Am. Compl. ¶¶ 52-54.

Plaintiff also alleges a six-year period of repeatedly failing to provide him with treatment for his heel problem.

Plaintiff has adequately alleged a basis for holding Wexford liable. *Cf. Fox v. Ghosh*, 2010 WL 345899 *3-4 (N.D. Ill. Jan. 26, 2010).

Last, defendants contend any discovery should initially be limited to the question of whether plaintiff properly exhausted his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *Pavey v. Conley*, 663 F.3d 899 (7th Cir. 2011). There is no contention that plaintiff has pleaded himself out of court by alleging facts showing that he failed to adequately exhaust his administrative remedies. Defendants have not yet answered the First Amended Complaint. In the First Amended Complaint, plaintiff alleges a number of grievances that he filed and attaches copies as exhibits. If, following adequate inquiry and in good faith, *see generally* Fed. R. Civ. P. 11(b), defendants raise an exhaustion affirmative defense, it will be considered at the next status hearing whether discovery should be limited to the exhaustion issue.

The parties should promptly discuss the possibility of presently providing treatment for plaintiff's heel condition. That could lead to settlement of

the entire case or, at a minimum, limit or eliminate the accrual of further possible damages.

IT IS THEREFORE ORDERED that defendant Wexford's motion to dismiss [26] is denied. Defendants Zhang's and Ghosh's motions to dismiss [27, 28] are granted in part and denied in part. The claims against Zhang and Ghosh in their official capacities are dismissed without prejudice. The individual capacity claims against Zhang and Ghosh remain pending. Within 21 days, defendants shall answer the remaining allegations of the First Amended Complaint. A status hearing is set for March 22, 2012 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 16, 2012